FILED
United States Court of Appeals
Tenth Circuit

July 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILFRED PLATTA,

        Petitioner - Appellant,

v.

JAMES JANECKA, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents - Appellees.

No. 10-2034
(D.C. No. 07-CV-00264)
(D.N.M.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Wilfred Platta, a state inmate appearing pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his

habeas petition. To obtain a COA, Mr. Platta must make a "substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v.

McDaniel, 529 U.S. 473, 483-84 (2000). Because Mr. Platta has not made such a

showing, we deny a COA and dismiss the appeal.

Background

In 2000, Mr. Platta entered a plea of no contest in state court to two counts

of criminal sexual penetration in the second degree and one count of bribery of a witness. 1 R. 156. The court sentenced him to twenty-one years' imprisonment, followed by two years of mandatory parole. Id. Mr. Platta did not take a direct appeal. 1 R. 156-57. He nevertheless filed a two motions for reconsideration of his sentence and two state petitions for a writ of habeas corpus. Id. The district court denied his motions and petitions, and the New Mexico Supreme Court denied certiorari review. Id.

In 2007, Mr. Platta filed a habeas petition in federal district court, setting forth two claims. 1 R. 4-20, 104-18, 157. First, he raised an ineffective assistance of counsel claim (IAC), arguing that his plea was involuntary because his trial counsel told him his sentence would be reduced by 50% when in fact a statute required him to serve 85% of his sentence. 1 R. 9-12, 108-112. Second, he argued that the court violated his due process rights when the court failed to provide an interpreter to translate the proceedings into Apache. 1 R. 12-14, 112-14. He did not request an evidentiary hearing to prove these claims. 1 R. 4-20, 104-18, 157.

In 2010, the federal magistrate judge recommended that the court deny the petition. 1 R. 161. The district court adopted the magistrate judge's amended proposed findings and recommended disposition and denied the petition. 1 R. 167. It did not act on a COA, which we deem a denial of a COA.

<u>Discussion</u>

Under 28 U.S.C. § 2253(c)(2), an inmate seeking a COA must make "'a substantial showing of the denial of a constitutional right.'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). He may do so by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack</u>, 529 U.S. at 484 (citation and internal quotation marks omitted).

Under AEDPA, a federal court cannot grant habeas relief to a state prisoner on any claim that a state court resolved on the merits, unless (1) the state court's adjudication was contrary to or an unreasonable application of clearly established federal law, or (2) the adjudication was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). We presume that the state court's determination of a factual issue is correct; the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Mr. Platta requests a COA from this court on the two issues he raised in the district court. Aplt. Br. at 3-4. He also seeks a remand for an evidentiary hearing to prove the factual basis of his claim. Aplt. Br. at 4. We liberally construe a pro se litigant's pleadings, but we do not serve as his "attorney in constructing arguments and searching the record." <u>Garrett v. Selby Connor Maddux & Janer</u>,

- 3 -

425 F.3d 836, 840 (10th Cir. 2005).

First, Mr. Platta argues that he lacked the effective assistance of counsel, which he argues violated his rights under the Fifth and Fourteenth Amendments and the New Mexico State Constitution. Aplt. Br. at 3-4. He argues that his counsel's failure to explain good time credits made his subsequent plea neither knowing nor voluntary. Id.; Application for COA at 3.

To establish a federal constitutional claim of IAC, Mr. Platta must prove deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show prejudice in this case, Mr. Platt must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." See Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002).

In denying the state habeas petition, the state court found that Mr. Platta made his plea voluntarily and with knowledge that he could serve more time than his attorney hoped to obtain at sentencing. 1 R. 159-60. In federal court, the only evidence Mr. Platta put forth to show that his plea was not voluntary, and to challenge the state court's factual findings, was an allegation that he would not have agreed to the plea if he knew that he would have to serve 85% of his sentence. 1 R. 160; see 1 R. 9-12, 108-12, 157. The district court held that Mr.

Platta thus did not rebut by clear and convincing evidence the state court's determination that his plea was knowing and voluntary. 1 R. 159-60, 167. It concluded that, assuming that trial counsel's performance was deficient, Mr. Platta did not prove prejudice. 1 R. 160, 167. The district court's resolution of this issue is not reasonably debatable.

Second, Mr. Platta argues that the state court's failure to provide an interpreter violated the Fifth and Fourteenth Amendments and the New Mexico State Constitution. Aplt. Br. at 3-4. The district court held that, to the extent Mr. Platta exhausted the federal claim, Mr. Platta again presented nothing in the record to rebut the state court's finding that Mr. Platta understood the nature of the proceedings. 1 R. 160-61, 167. Reasonable jurists therefore cannot debate that the district court should have resolved this claim differently.

On both issues, we lack jurisdiction to review any claims Mr. Platta raises under the New Mexico State Constitution. As a federal habeas court, we do not review any violations of state law. We are limited to determining whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Mr. Platta also requests a COA on the issue of whether his state habeas counsel was ineffective. Application for COA at 2. Mr. Platta chose to "vacate" this claim rather than pursue it in the district court. 1 R. 151. He therefore forfeited his right to raise the claim in this court. A litigant who does not argue

an issue in the district court normally may not seek appellate relief. <u>United States v. Jarvis</u>, 499 F.3d 1196, 1201 (10th Cir. 2007). Likewise, because Mr. Platta did not request an evidentiary hearing in the district court, he forfeited his right to request one on appeal.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge